IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY JOE MITCHELL                                                            PETITIONER

v.                              CASE NO. 5:09CV00294 JTK

LARRY NORRIS, Director,
Arkansas Department of Correction                                           RESPONDENT

## ORDER

On March 24, 2010, the Court entered a Memorandum and Order (DE # 12) with an accompanying Judgment (DE # 13) determining Petitioner was not entitled to habeas relief pursuant to 28 U.S.C. § 2254. Plaintiff has since filed a "Petition For Rehearing." (DE #15) Construing this petition as a motion for reconsideration, the Court finds no basis for reconsidering the dismissal of the petition for writ of habeas corpus.

The Court does take this opportunity, however, to note a scrivener's error. In the Memorandum and Order, the Court determined Petitioner's parole eligibility was determined by Section 28 of Act 48 of 1969, which became law on February 12, 1969, and is now codified at Ark. Code Ann. § 16-93-601. The Court held that, under Section 28 of Act 48, subsection (b)(1), Petitioner was not eligible for parole. (DE # 12, p. 4)

In the motion for reconsideration, Petitioner states the Court failed to address the "[soul] and heart" of his claim, which is under Section 28 of Act 48, subsection (b)(2). (DE # 15, p. 1) The Court finds it erroneously determined that Act 48 of 1969 applied to Petitioner's case. Instead, the Court should have applied Act 94 of 1969, whose effective

date was February 24, 1969, twelve days after the effective date of Act 48.[1]  Act 94 amended subsection (b)(2) to provide that:

> (2) Individuals sentence[d] to life imprisonment on and after March 1, 1968 and prior to the effective date of this Act, shall be eligible for release on parole after having served fifteen (15) years of the sentence, with credit for good time allowances not to exceed five (5) years.

Because he was sentenced subsequent to February 24, 1969, Act 94 of 1969 subsection (b)(2) does not apply to Petitioner, and the Memorandum and Order is correct that he is not eligible for parole unless and until the Governor commutes the sentence to a term of years by executive clemency.

WHEREFORE, Petitioner's motion for reconsideration is denied.

IT IS SO ORDERED this 27th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] As it relates to subsection (b)(2), Act 48 of 1969 provides:

> (2) Individuals sentenced to life imprisonment on and after March 1, 1968, and after the effective date of this Act [February 12, 1969], shall be eligible for release on parole after having served fifteen (15) years of the sentence, with credit for good time allowances not exceeding five (5) years.