IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY JOE MITCHELL                                          PETITIONER

v.                    CASE NO. 5:09CV00294 JTK

LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

<u>ORDER</u>

Bobby Joe Mitchell petitioned for habeas relief, and by Memorandum and Order entered on March 24, 2010 (DE #12), the court denied relief and dismissed the petition. The court also denied his motion for reconsideration (DE #18). Petitioner has now filed a Notice of Appeal (DE #20), in which he requests a certificate of appealability (COA) and leave to proceed in forma pauperis (IFP) on appeal.

*Certificate of Appealability*

"A COA should issue if the applicant has 'made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which we have interpreted to require that the 'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-484 (2000)). To satisfy this standard, a petitioner must show

> that reasonable jurists could debate whether (or, for
> that matter, agree that) the petition should have been
> resolved in a different manner or that the issues

>   presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. at 484.  This determination "requires an overview of the claims ... and a general assessment of their merits," but the statute prohibits full consideration of the factual or legal bases supporting the claims.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  The Eighth Circuit has articulated three rules from Slack for considering a petition for a certificate of appealability:

>   1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

Langley v. Norris, 465 F.3d 861, 863 (8th Cir. 2006) (quoting Khaimov v. Crist, 397 F.3d 783, 786 (8th Cir. 2002)).

Petitioner has not carried his burden.  This court simply does not find the issues raised by Petitioner are issues debatable among jurists of reason, that they are issues another court could resolve differently, or that they are issues deserving further proceedings.  Accordingly, the court concludes Petitioner's motion for a certificate of appealability should be and hereby is denied.

*In Forma Pauperis*

Petitioner was previously granted IFP in this matter on September 21, 2009 (DE #3).  Therefore, Federal Rule of Appellate

Procedure 24(a)(3) applies.  This rule states:

> A party who was permitted to proceed in forma pauperis in the district-court action, ..., may proceed on appeal in forma pauperis without further authorization, unless the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding[.]

Fed. R. App. P. 24(a)(3).  Accordingly, if an appeal is not taken in good faith, IFP status will be denied even if it has been determined that a party is indigent.  See 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id.  An appeal is frivolous, and therefore can not be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court has no doubt that Petitioner's habeas corpus petition was properly dismissed on the merits, Petitioner's appeal is not deemed to be legally "frivolous," as that term has been defined by the Supreme Court.  Thus, the court finds that Petitioner's appeal is taken in good faith for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 (a)(3), and that the application for IFP status on appeal should be granted.

4

SO ORDERED this 18th day of May, 2010.

_____
United States Magistrate Judge